# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC GIANNINI, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>TRANSAMERICA RETIREMENT SOLUTIONS, LLC,<br><br>            Defendant. | **Case No.: 7:21-cv-10282** |

## RULE 41 NOTICE OF DISMISSAL WITHOUT PREJUDICE

Plaintiff refiles the instant notice of voluntary dismissal in response to the Clerk's Office notice filed on the docket and dated March 3, 2023.

Pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Eric Giannini dismisses his claims against Transamerica without prejudice.

Federal Rule 41(a)(1) of Civil Procedure permits voluntary dismissal of an action by the plaintiff "without court order" by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." *Id.* Here, the Defendant has not filed an answer or a motion for summary judgment, but rather, a motion to dismiss (Dkt. No. 29). A motion to dismiss is not an answer or motion for summary judgment and does *not* qualify as an answer or a motion for summary judgment under Fed. R. Civ. P. Rule 41 (a)(1)(A)(i). *See, e.g., Barr Bros. & Co. v. Senft*, No. 82 Civ. 5007., 1982 U.S. Dist. LEXIS 15624, at *4 (S.D.N.Y. Oct. 27, 1982) ("It is clear that Rule 41(a) (1), by its plain terms, permits plaintiffs to terminate their action by notice. No answer or motion for summary judgment had been served prior to plaintiffs' Notice. The Motion that defendants did file was a motion to dismiss, not a motion for

summary judgment …"). As the Second Circuit has observed, "In such a case, the plain text of the rule provides that dismissal 'is without prejudice,' and affords no discretion in this respect to the district court." *See Youssef v. Tishman Constr. Corp.*, 744 F.3d 821, 823-24 (2d Cir. 2014). "In contrast to other methods of dismissal contemplated by Rule 41, voluntary dismissal prior to defendant's service of an answer or a motion for summary judgment is effective in the absence of any action by the court." *Thorp v. Scarne*, 599 F.2d 1169, 1176 (2d Cir. 1979).

Date: March 3, 2023

Respectfully submitted,

Nicholas A. Migliaccio
(New York Bar No. 4035838)
Jason S. Rathod*
Tyler J. Bean*
Migliaccio & Rathod LLP
412 H St., NE
Suite 302
Washington, DC 20002
(202) 470-3520 (Tel.)
(202) 800-2730 (Fax)
nmigliaccio@classlawdc.com
jrathod@classlawdc.com
tbean@classlawdc.com

*Counsel for Plaintiff*

*Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

I hereby certify that, on March 3, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk's Office using this Court's CM/ECF system and served upon all counsel of record.

/s/ *Nicholas A. Migliaccio*
Nicholas A. Migliaccio